MARY KILLDUFF McGAWLEY *v.* JAMES GANNON.  JAMES GANNON *v.*
MARY KILLDUFF McGAWLEY.

Action to recover an amount due for drayage, and defence that the price claimed exceeded the value of the services. Plaintiff having proved by a witness that defendant had agreed to pay a certain price therefor, the latter offered to introduce evidence to show that the usual price was less. *Held*, that the evidence was admissible, defendant having a right to introduce evidence to contradict plaintiff's witness, or to establish a different price.

The defendant in an action for an amount claimed for drayage, having previously sued plaintiff, in another court, for a sum alledged to be due to him also for drayage, it was agreed between the parties that the latter suit should be transferred to the court in which the first was pending, to be tried immediately after the first suit. The two suits were ordered by the court to be consolidated and tried together. *Held*, that, when the suit was filed in the court to which it was transferred, it became a part of its records, and was under its control in the same manner as if it had originated there, and that the two actions were properly consolidated.

APPEAL from a judgment of the Commercial Court, *Watts*, J. These two cases were consolidated and tried together, and from a judgment in favor of Gannon, McGawley appealed.

*J. F. Jones*, for the appellant.

*Rousseau* and *Molloy*, contrâ.

SIMON, J. The first of these suits was instituted for the recovery of the sum of $422 25, claimed upon an open account, for dray hire, money lent, and for other items said to be due by the defendant to the plaintiff. The defendant pleaded the general issue.

It appears that, previous to the institution of the suit in the Commercial Court, the defendant had instituted a suit in the District Court against the plaintiff, in which he claimed of her the sum of $448 60, upon an open account of the same nature, that is to say, for dray hire during a certain period, and that, on the day of the trial of the first suit before the court *a qua*, the parties herein filed their written consent or agreement, in which it is specified, that: *It is agreed by said parties that the District Court suit be transferred from the said District Court into the Commercial Court, to be tried immediately after the first suit.* They were accordingly consolidated.

On the second day of the trial, the plaintiff obtained leave to

discontinue a part of her claim.   The two suits were tried together, and, after hearing the evidence, the claims set up by parties respectively were liquidated, leaving, at first, a balance due to Gannon of $120 23, and judgment was rendered accordingly; but an error having been discovered, the same was corrected, upon the motion of said Gannon's counsel, and a final judgment was rendered in his favor for the sum of $153 70, from which the plaintiff, McGawley, has appealed.

The record contains two bills of exceptions, which it becomes first necessary to dispose of.   1st. One taken by the appellant to the opinion of the judge *a quo*, who admitted the proof of the usual price of hauling from the steamboat landing to the cotton press.   And, 2d. Another also taken by said appellant to the court's ordering the two suits to be consolidated and tried together.

I  The court *a qua* did not err.   It is true that previous to the offering of this evidence, the appellant had already shown by testimony that the appellee had told her to charge him eight cents per bale, and that the object of the proof offered was to show that the usual price was only five cents; but this is no reason why her adversary should be precluded from introducing evidence going to establish a different price, or to contradict the statements of the plaintiff's witnesses.   Her proof was not conclusive—it was subject to be rebutted; and the appellee had, at least, the right of using the evidence offered to impeach the credibility of the plaintiff's only witness by whom the fact had been shown.   The testimony was clearly admissible under the pleadings, which denied the price claimed by plaintiff as the value of her services..

II.  The appellant had consented to the transfer of the suit from the District Court to the Commercial Court, and when filed in the court *a qua* it had become a part of its records, and was consequently under its control, in the same manner as if it had originated there.   From the nature of the two actions, we think, the two suits were very properly consolidated and tried together; the matter in dispute being one of cross-accounts.

On the merits, we have examined the evidence, and are not

prepared to say that the judgment appealed from is erroneous. The parties appear to have stood towards each other in the capacity of partners for labor, and have acted accordingly; they had the most entire confidence in each other, and seem to have understood in their dealings and transactions that they might mutually rely on each others accounts. We have compared the reasons given below as the basis of the judgment complained of, with the evidence adduced on both sides, and have been unable to discover that any error has been committed; and the appellant has not even attempted to point out any.

*Judgment affirmed.*